IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| J. JOSEPH MILLER and | * | |
| MARGARET MILLER, | * | |
|     Debtors | * | Case No.: 1-07-bk-01115MDF |
| | * | |
| J. JOSEPH MILLER and | * | |
| MARGARET MILLER, | * | |
|     Movants | * | |
| | * | |
|     v. | * | |
| | * | |
| KELLY BEAUDIN STAPLETON, | * | |
| UNITED STATES TRUSTEE, | * | |
|     Respondent | * | |

**OPINION**

The Bankruptcy Abuse and Consumer Protection Act ("BAPCPA") requires debtors to file with their bankruptcy petitions copies of all "payment advices" or other evidence of payment received from an employer within sixty days before the date of the filing of the petition. 11 U.S.C. § 521(a)(1)(B)(iv). If a debtor fails to comply with this requirement within forty-five days of the filing of the petition, § 521(i)(1) requires the automatic dismissal of the case.

On April 12, 2007, J. Joseph and Margaret Miller ("Debtors") filed a joint chapter 7 petition. Their case was dismissed on April 12, 2007 because no payment advices were filed in connection with the petition. Before me is Debtors' motion to vacate the dismissal and to reinstate the case. The motion asserts that the case should not have been dismissed because neither of the Debtors received within the relevant period any documents contemplated by § 521(a)(1)(B)(iv). Debtors assert that Ms. Miller is unemployed and so she receives no employment income. Therefore, she did not receive evidence of payment from an employer

1

during the relevant period and was exempt from complying with § 521(a)(1)(B)(iv).[1] Debtors further assert that Mr. Miller is employed by a Pennsylvania sub-chapter "S" corporation, Tree Trimmers, Inc. and that he receives no "payment advices" within the meaning of § 521(a)(1)(B)(iv). Debtors assert that during the relevant sixty-day period, each week Mr. Miller (as President of Tree Trimmers, Inc.) wrote out a check to himself from the corporate account in the amount of $600.00. The check was issued in a gross amount with no deductions for withholding taxes, and no pay "stub" or other auxiliary record of the transaction was created. Mr. Miller would then deposit the check into a personal bank account. Based on these averments, Debtors argue that neither one of them was required to file payment advices and, therefore, urge reinstatement of their bankruptcy case.

The United States Trustee ("UST") opposes reinstatement, asserting that the checks that Mr. Miller wrote on the corporate bank account and paid to himself as an employee of Tree Trimmers, Inc. constitute "payment advices" within the meaning of § 521(a)(1)(B)(iv). A hearing was held on Debtors' motion, and it is ready for decision.[2]

## Discussion

The very narrow issue to be decided in this case is whether the checks of a sub-chapter "S" corporation written by a debtor as a corporate officer and payable to himself as the

---

[1] The United States Trustee does not dispute that Ms. Miller did not receive payment advices or other evidence of payment during the relevant period. Therefore, reinstatement of Ms. Miller's case is appropriate because it was dismissed in error.

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (O). This Opinion constitutes the findings of fact and conclusions of law required to be made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is made applicable to contested matters by FRBP 9014.

2

corporation's employee constitute "payment advices or other evidence of payment" for purposes of § 521(a)(1)(B)(iv). From the Court's review of the reported bankruptcy decisions, it appears that no other bankruptcy court has addressed this issue.

Section 521(a)(1)(B)(iv) provides that unless the court orders otherwise, a debtor is required to file copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition from any employer of the debtor. 11 U.S.C. § 521(a)(1)(B)(iv). "Payment advice" is not defined, but the context of the sentence suggests that it is a type of evidence of payment received from the employer. Therefore, it may include paper or electronic documents, such as a pay stub, a direct deposit statement, a wage statement or a wage summary. Keith M. Lundin, *Chapter 13 Bankruptcy, 3d Edition,* § 376.1 (2000 & Supp. 2006). The phrase "received from an employer" is significant; a debtor is not required to create documentation of payment received if none existed prior to the filing of the petition. *In re Tay-Kwamya*, 367 B.R. 422, 426 (Bankr. S.D. N.Y. 2007); *In re Parker*, 351 B.R. 790, 800 (Bankr. N.D. Ga. 2006).

In the instant case, Mr. Miller concedes that pay checks were issued by and received by him during the sixty-day period. As president of Tree Trimmers, Inc. he wrote checks to himself, "received" those checks from the corporation, and then deposited them into his personal bank account. A check constitutes admissible evidence of actual payment of a debt. *Gormley v. Bunyan*, 138 U.S. 623 (1891) (In an action on a note, the check which was given as the consideration for the note is admissible in evidence as part of the res gestae to show that the loan for which the note was given was actually received from the payee.) It would be absurd to argue that a check by which an employer pays an employee is not evidence of the payment. Thus, even

3

in the absence of a pay stub, statement, summary or other auxiliary documentation of the payment, a debtor who receives a paper check from an employer within sixty (60) days of his petition has received "other evidence of payment," a copy of which must be filed with the petition.

This position is supported by *dicta* in *In re Miller*, 371 B.R. 509 (Bankr. D. Utah 2007), in which the court recognized that an employer may have to re-create a payment advice or other evidence of payment when a debtor loses the original. *Id.* 371 B.R. at 515. In this case, Mr. Miller received evidence of payment, which was deposited and ultimately returned to the employer's bank. Debtors are not expected to retain copies of checks they receive because they may decide to file bankruptcy in the future. But §521(a)(1)(B)(iv) anticipates that debtors will obtain copies of "evidence of payment" that they did receive during the relevant period, but no longer have in their possession, to file with their petitions. In the instant case, Mr. Miller is the sole officer and shareholder of his employer and should be able to obtain copies of the checks with relative ease. Accordingly, I conclude that Mr. Miller was required to file with his petition copies of the checks he received during the sixty-day period prior to filing.[3] Having failed to submit the relevant evidence of payment within forty-five days of the filing, "automatic" dismissal was required by the statute.[4]

---

[3] A different result might obtain in this case if Tree Trimmers had directly deposited Mr. Miller's pay into Debtors' personal bank account and no separate electronic or paper payment advice was received by Mr. Miller. Section 521(a)(1)(B)(iv) does not appear to require that a debtor produce his own bank statement reflecting the deposit of the pay, since that bank statement would be received from the *bank* and not from the employer.

[4] There is disagreement among the courts regarding whether dismissal under § 521(i)(1) is truly "automatic" or whether an order of dismissal must be issued from the court. See *In re Reyes*, 2007 WL 338066 (Bankr. E.D. Tenn.) (no order needed); *In re Fawson*, 338 B.R. 505

Case 1:07-bk-01115-MDF    Doc 49-1    Filed 10/30/07    Entered 10/31/07 14:54:58    Desc
Correct Image    Page 4 of 5

The majority of cases have held that once dismissal has occurred under § 521(i)(1), a bankruptcy court has no discretion to reinstate the case. *Rivera v. Miranda*, __ B.R. __, 2007 WL 2993611, *2 (October 12, 2007) (collecting cases). *In re Bonner*, 374 B.R. 62 (Bankr. W.D. N.Y. 2007); *In re Calhoun*, 359 B.R. 738 (Bankr. E.D. Mo. 2007); *In re Conner*, 2006 WL 1548620 (Bankr. N.D. Fla.) (Noting absence of provision in § 521 providing for reinstatement). As I indicated at the hearing on this matter, I also believe that reinstatement of a case on equitable grounds that has been mandatorily dismissed is not appropriate. Accordingly, while Ms. Miller's motion to reinstate is granted because the order dismissing the case was entered in error, Mr. Miller's motion to reinstate is denied.

An appropriate Order will be entered.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: October 30, 2007

*This document is electronically signed and filed on the same date.*

---

(Bankr. D. Utah 2006); *In re Ott*, 343 B.R. 264 (Bankr. D. Colo. 2006). But see *In re Jackson*, 348 B.R. 487 (Bankr. S.D. Iowa 2006) (court order must be entered).